**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


BENNIE L. PARKS                                                          PLAINTIFF


v.                                  NO.  5:08cv00245 WRW-JWC


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                  DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Bennie L. Parks, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382(a)(C)(I).

Plaintiff alleged that he was limited in his ability to work by a collapsed arch in his right foot and pain in his back and shoulder.  (Tr. 101.)  (At the hearing, there was also discussion of depression and obesity.  (Tr. 258.))  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through January 25, 2008, the date of his decision.  (Tr. 19.)  On July 30, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final

decision of the Commissioner.  (Tr. 5-7.)  Plaintiff then filed his complaint initiating this appeal (doc. 2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner was based on legal error and that the case should be remanded.

Plaintiff was 52 years old at the time of the hearing.  (Tr. 248.)  He is a high school graduate with a few college hours.  Id.  He has past relevant work as a hand packer and assembler.  (Tr. 14, 102-03, 108-10, 272.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4) (2007).  The ALJ found Plaintiff had not engaged in substantial gainful activity since March 15, 2006.[1] (Tr. 14.)  He found Plaintiff suffered from "severe" degenerative arthritis in his right foot and plantar fasciitis, but he did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 19.)  (The first portion of this finding is slightly less clear in the body of the opinion.  (Tr. 14.))  He judged that Plaintiff's allegations regarding his symptoms were not totally credible.  (Tr. 16-17.)

The ALJ found Plaintiff retained the residual functional capacity for a full range of light work.  (Tr. 15, 16, 18.)  He determined Plaintiff was unable to perform his past relevant work.  (Tr. 18.)  He correctly noted that once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work.  Id.  The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.13, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled.  (Tr. 18.)  Thus, the ALJ concluded that Plaintiff was not disabled.  Id.

---

[1]Plaintiff originally alleged an onset date of January 1, 2005.  (Tr. 62, 101, 252.)  After it was established that he worked until March 15, 2006, the onset date was amended.  (Tr. 253.)

Plaintiff advances three primary arguments.  Since one has merit, the other two need not be addressed at great length.  Plaintiff contends the ALJ erred in relying on the Medical-Vocational Guidelines to direct a finding because of his nonexertional impairments of back and foot pain[2] and depression.  (Br. 18-19.)

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert.  Groeper v. Sullivan, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991).  In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled."  Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988).  Instead, testimony of a vocational expert must be taken.  Groeper, 932 F.2d at 1235.  The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines.  Thompson, 850 F.2d at 349-350 (emphasis added).

Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); accord, McGeorge v. Barnhart, 321 F.3d 766, 768-69 (8th Cir. 2003); Holley v. Massanari, 253 F.3d 1088, 1093 (8th Cir. 2001);  Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999).

The ALJ found Plaintiff had "severe" degenerative arthritis in his right foot and plantar fasciitis.  (Tr. 19.)  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work."  Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989); accord, Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007); Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007).

One of the symptoms of osteoarthritis is gradually developing pain aggravated or triggered by activity.  The Merck Manual 294 (18th ed. 2006).  Plantar fasciitis elicits foot and heel pain.

---

[2]Pain has long been considered a nonexertional impairment.  E.g., Baker v. Barnhart, 457 F.3d 882, 894 (8th Cir. 2006); Haley v. Massanari; 258 F.3d 742, 747 (8th Cir. 2001); Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991); Prince v. Bowen, 894 F.2d 283, 287 (8th Cir. 1990).  According to a Social Security Ruling and regulations, however, it is only a symptom.  Social Security Ruling 96-4p n.2; accord, 20 C.F.R. §§ 404.1528(a), 404.1529, 416.928(a), 416.929 (2007).

PDR Medical Dictionary 706 (3d ed. 2006).  The medical record contains multiple references to chronic back or foot pain.  (Tr. 222, 225, 226, 227, 228, 229.)  The ALJ's finding that Plaintiff had "severe" degenerative arthritis and plantar fasciitis and that those limitations did not significantly diminish his ability to perform a full range of light work are logically inconsistent.  Under the circumstances, the ALJ should not have relied on the Medical-Vocational Guidelines to direct a conclusion as to his ability to work; he should have utilized a vocational expert for that purpose.  The Commissioner's decision should therefore be reversed.

Plaintiff also argues that the opinion of his treating physician, Christine Reyes, M.D., should have been given controlling weight.  (Br. 14-17.)  While the opinions of treating physicians are entitled to special weight, they do not automatically control.  Bentley v. Shalala, 52 F.3d 784, 785-86 (8th Cir. 1994).  Dr. Reyes had seen Plaintiff only three times when she first gave her opinion about his ability to do work-related activities.  (Tr. 178, 229, 230, 194-96.)  Therefore, it is questionable that her opinion should have been treated as coming from a treating physician.  See Randolph v. Barnhart, 386 F.3d 835, 840 (8th Cir. 2004) (doctor had only met with patient on three occasions when she filled out checklist).  "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."  20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i) (2007).  The treating physician rule is premised, at least in part, on the notion that the treating physician is usually more familiar with a claimant's medical condition than are other physicians.  Thomas v. Sullivan, 928 F.2d 255, 259 n.3 (8th Cir. 1991).

Plaintiff also contends that the ALJ erred by not contacting treating medical providers.  (Br. 19-21.)  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  E.g., Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Because the ALJ's Step 5 determination was based on legal error, the Magistrate Judge recommends that the decision of the Commissioner be reversed and remanded and that

Judgment be entered for Plaintiff.  This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

DATED this 22nd day of July, 2009.


_____
UNITED STATES MAGISTRATE JUDGE